UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

PAMELA BENTLEY MILLER, DANIEL MILLER, J.G., R.B., and A.M.,

Plaintiffs,

v.

ANGELA NEWPORT, SAM CAIN, KATHY BALAM, WENDY PRATT, JERRY PROLO, BILL WILLSON,

and

DEBORAH HARPER, KENNETH FELDMAN, JOHN AND JANE DOE 1-10,

Defendants.

No. CV-12-0540-RHW

**ORDER GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND DEADLINE FOR PLAINTIFF TO OBTAIN A GUARDIAN AD LITEM**

Before the Court is the Department of Social and Health Services ("DSHS") Defendants' Motion for Protective Order and Deadline for Plaintiff to Obtain a Guardian ad Litem, ECF No. 24. Plaintiffs have responded, ECF No. 26, to which Defendants have replied, ECF No. 27. Defendants have also submitted the Declaration of Amy C. Clemmons in support of Motion for Appointment of a Guardian ad Litem, ECF No. 25. A proposed protective order has been filed by the DSHS Defendants, ECF No. 24-1 and by Plaintiffs, ECF No. 26-1 at Ex. A.

On June 28, 2013, the Court held a telephonic hearing in the above-captioned matter. Amy C. Clemmons represented the DSHS Defendants. Kimberly Baker appeared on behalf of Dr. Feldman. Plaintiffs, who are proceeding *pro se*, also appeared telephonically.

Defendants move the Court for: (1) a Protective Order, that protects the interests of the unrepresented minor Plaintiffs (J.G., R.B. and A.M.) and unnamed third parties after balancing the children and non-parties' right to privacy with Plaintiffs' "need for discovery," and (2) for the Court to set a deadline for Plaintiffs to appoint a Guardian Ad Litem to represent the minor plaintiffs in this matter pursuant to Fed. R. Civ. P. 17(c) and Local Rule 17.1.

**DISCUSSION**

**A. Entering a Protective Order.**

DSHS Defendants move for a Protective Order pursuant to Fed. R. Civ. P. 26(c). Defendants argue the records in this case which relate to discovery are privileged and disclosure is unauthorized by federal and state law. *See* Fed. R. Evid. 501 (**"**[i]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of the decision.**")** For example, the information relating to the unrepresented minors and third parties in this matter prohibits unauthorized disclosure, which Defendants cannot waive, according to:

1) 42 U.S.C. § 5106a(b): (requiring states to provide certain protections to preserve the confidentiality of child/parent records in order to qualify for federal assistance);

2) 45 C.F.R. § 1340.14(i)(1), (i)(2): (provides that all records of child abuse and neglect are confidential and their unauthorized disclosure is a criminal offense);

3) RCW 74.04.060, 74.13, 74.14A, 74.15: (DSHS records fall under "Public Assistance" of this Title and are privileged);

4) RCW 13.50.100: (release of juvenile records are permissible to child's parents, but not to third parties [1] or the public);

5) RCW 42.17.310: (records from a public institution [DSHS] are not subject to public disclosure);

6) RCW 70.02: (health care and psychological information protected from disclosure);

7) *Barfield v. Seattle*, 100 Wn.2d 878, 676 P.2d 438 (1984): (in reference to RCW 42.17.310, a court must engage in a privacy analysis to determine if the disclosure would violate the right of privacy of children or non-parties whose records are sought);

8) RCW 71.05.390, .440, .620-.670: (prohibits disclosure of another person's mental health records). RCW 71.34.200-.225 (applies the same rule to juvenile mental health records).

Here, the records at issue are detailed in the proposed Protective Order, ECF No. 24-1 at 3, and Defendants agree to release all materials in Sections 1-3, which shall remain privileged and confidential.

However, Defendants argue the records in Section 4, ECF No. 24-1 at 5, which contains Documents Q-W -- **"do not likely contain information relevant to the pending litigation."** Clemmons Decl., ECF No. 25 at ¶ 4. (emphasis added)

[1] Defendants point out that Plaintiff Dan Miller, is the father of minor A.M. However, the father of minors J.G. and R.B. is Tony Bentley, who is not a Plaintiff in this action, and whose records are also contained within the DSHS materials contemplated by the protective order.

Thus, the Court must determine whether the records shall: A) be produced in discovery, and B) subject to the protective order. ECF No. 24-1 at 5.

Plaintiffs incorrectly argue that federal law supersedes state law, and should control discovery in the present case. ECF No. 26. *Contra* Fed. R. Evid. 501. They also argue there is no issue, because the privacy concern at issue relates to Plaintiffs' own children. Plaintiffs write "[a]s the winners in the State Court proceedings, the Plaintiffs are the legal guardians of their children, and as such are entitled to the records . . . as a matter of law." *Id.* at 3. The Court is also aware that Plaintiff Dan Miller is not the father of unrepresented minors' J.G. and R.B.

Furthermore, at the hearing, Plaintiffs agreed to the proposed Protective Order, ECF No. 24-1 at 1-9, and mounted the following objections: (1) Page 2, Lines 16-22; (2) Page 5, Lines 11-15; and (3) Page 7, Lines 11-15. The Court notes the objections, but finds the proposed Protective Order is not "too broad" as advocated by Plaintiffs.

Therefore, the Court **grants** Defendants' Motion and enters the Protective Order as submitted by the DSHS Defendants, pursuant to the weight of federal and state authority cited in their brief. As to the Materials contained in section 4 (Documents Q-W), the Court finds they shall not be produced in discovery, and defers to DSHS's assessment that these records as "not likely relevant" to the instant litigation. If Plaintiffs find these records necessary, they are permitted to file a motion to compel and state the authority and reasoning why the Court should order discovery -- over DSHS's recommendation the records are not relevant.

**B. Deadline for the Appointment of an Independent Guardian for the Minor Plaintiffs.**

DSHS Defendants also ask the Court to address the appointment of an appropriate guardian ad litem for the minor Plaintiffs. ECF No. 24 at 8-11. Defendant Feldman also joined in this request.

Pursuant to Fed. R. Civ. P. 17(c)(2):

> **(c) Minor or Incompetent Person.**
> **(2) *Without a Representative.*** A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem--or issue another appropriate order--to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2).

In addition, Local Rule 17.1(a) provides:

> **Representation:**
> At the time of the commencement of any action involving a beneficial interest or claim of a minor or incompetent, the plaintiff shall petition the Court and obtain appointment by the Court of an independent guardian ad litem to represent the interest of the ward. The guardian ad litem shall be an attorney admitted to practice before this Court. The guardian ad litem shall be independently appointed by the Court. At the time of the commencement of the action, counsel for the plaintiff shall submit to the Court a list of not less than three attorneys and their qualifications, who are willing to serve as guardian ad litem. Upon a showing of good cause, the Court may dispense with the appointment of a guardian ad litem.

LR 17.1(a).

Defendants also point out, according to the Ninth Circuit, "[i]f a guardian ad litem is not obtained on behalf of the minor plaintiffs, the appropriate action by the court is to dismiss the minors' claims, **without prejudice**." *Johns v. County of San Diego*, 114 F.3d 874, 876-77 (9th Cir. 1997) (emphasis added). Defendants assert that neither Plaintiff Pam Miller nor Dan Miller can act as the guardian ad litem as a matter of law and cannot bring an action on behalf of a minor child without retaining a lawyer. *Id.*

Defendants also contend that a guardian ad litem cannot have any conflict of interest, and that the abuse allegations in this case create such a conflict. *See Kulya v. City & Cnty. of San Francisco*, CV-06-6539-JSW, 2007 WL 760776 (N.D. Cal.

Mar. 9, 2007) (dismissing minor plaintiff's civil rights complaint for failure to appoint a guardian ad litem and finding potential conflict of interest on behalf of his father and co-Plaintiff accused of child abuse). Thus, according to Defendants and under such circumstances – a parent with a conflict of interest is not entitled to select the guardian ad litem or control the legal decisions made by the guardian and/or the child's attorney.

Plaintiffs respond and request an additional 30 days to present an amended complaint, which specifies "*they*" are acting as "next friends" on behalf of the minor Plaintiffs. (emphasis added). Plaintiffs also request more time to allow their "out of state attorney," who is assisting them, apply for *pro hac vice* admission.

The Court declines this request and recognizes that although Plaintiffs are currently guardians of their minor children, they may not act as "next friends" or "guardians ad litem" as a matter law, per the authority cited above.

Accordingly, **IT IS HEREBY ORDERED**:

1. DSHS Defendants' Motion for Protective Order and Deadline for Plaintiff to Obtain a Guardian ad Litem, ECF No. 24 is **GRANTED**.

2. Within **21 days** of the entry of this Order, Plaintiffs shall comply with: Fed. R. Civ. P. 17(c)(2), Local Rule 17.1(a), and *Johns v. County of San Diego,* 114 F.3d 874, 876-77 (9th Cir. 1997) -- or all claims on behalf of their minor children will be **dismissed** without prejudice.

3. Within **21 days** of the entry of this Order, Plaintiffs shall submit to the Court a list of **three (3) names of attorneys,** and their qualifications, admitted to practice before this Court and who are willing to serve as an independent guardian ad litem for the minor Plaintiffs J.G., R.B., and A.M. The Court will then appoint a guardian as it sees fit.

///

///

4. Plaintiffs are warned that failure to timely comply with this Court's Order will result in **dismissal** of the minors' claims, without prejudice.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel and Plaintiffs.

**DATED** this 9th day of July, 2013.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge