1   Amy Clemmons
    Assistant Attorney General
2   1116 W Riverside Avenue
    Spokane, WA 99201
3   (509) 456-3123

4

5                                                HONORABLE ROBERT H. WHALEY

6

7                    UNITED STATES DISTRICT COURT
8                    EASTERN DISTRICT OF WASHINGTON

9   PAMELA BENTLEY MILLER,
    DANIEL MILLER, JG, RB, and
10  AM,

11                          Plaintiffs,          NO.  CV-12-540-RHW

12            v.                                 PROTECTIVE ORDER

13  ANGELA NEWPORT, SAM
    CAIN, KATHY BALAM,
14  WENDY PRATT, JERRY
    PROLO, BILL WILLSON,
15  DEBORAH HARPER
    KENNETH FELDMAN, JOHN
16  and JANE DOE 1-10,

17                          Defendants.

18         THIS  MATTER  came  before  the  court  on  Defendants'  Motion  for

19  Protective  Order,  and  the  court  having  considered  the  pleadings  and

20  declarations filed herein, and being otherwise duly advised in the premises, now

21  therefore  finds  that  in  the  course  of  discovery,  documents  and  information

22  concerning  private  and  confidential  information  about  the  parties  or  third

1    parties may be sought in this litigation.  Such documents and information to be

2    provided or exchanged by the parties or non-parties and other discovery

3    (including oral depositions) may contain or refer to such information, or

4    material that may be privileged, confidential and personally sensitive.

5        F.R.C.P. 26(c) provides, under certain circumstances, for the issuance of

6    protective orders limiting the disclosure of commercial, confidential, or private

7    information.  In order that the parties may obtain information in this case

8    relevant to the claim or defense of any party, it is necessary to make such

9    documents and information available to counsel of record and others while

10   protecting each party against unnecessary disclosure of confidential

11   information.  The purposes of this Protective Order include the prevention of

12   unnecessary disclosure of such information and documents, while allowing the

13   parties to pursue discovery with a minimum of delay and expense.

14       **IT IS HEREBY ORDERED**, that Defendants' Motion for Protective

15   Order is **GRANTED.**

16       **IT IS ORDERED**, that consistent with RCW 13.34.110, 13.50.100,

17   26.33.330, 26.33.340, and 74.04.060, and 42 U.S.C. §5106a, the Department of

18   Social and Health Services' (DSHS) records and files and information contained

19   therein are confidential and privileged and that these files also contain documents

20   that are confidential or privileged under CFR 45.165 (HIPAA) and under RCW

21   10.97 and CFR 45.164.

22   /////

1    The following DSHS records are designated as relevant and discoverable in

2  this matter and also privileged and confidential.    It is ordered that they be

3  produced in CR 26(a) disclosures to the parties in this litigation and that they shall

4  be subject to all the provisions in this protective order:

5        1)    All file materials provided to Dr. Feldman by DSHS, and any and all

6              records and file materials created or maintained by Dr. Feldman in

7              the course of evaluating any of the plaintiffs.

8        2)    Files maintained on the plaintiff's by DSHS, including Child and

9              Family Welfare System (CFWS) records, and Child Protective

10             Services (CPS) including the following:

11

| DOCUMENT | DESCRIPTION |
|----------|-------------|
| A | Child and Family Welfare Services file on Pamela Bentley, Volumes 1 through Volume 15 (0101 to 0115) |
| B | Grant County Courtesy Supervision file for Pamela Bentley, Volume 16 (0116) |
| C | Interstate Compact on the Placement of Children File re JG, RB, and AM move to Indiana, Volume 17 (0117) |
| D | Electronic records specifically related to JG (0124) |
| E | Electronic records specifically related to RB (0125) |

| F | Electronic records specifically related to AM (0126) |
|---|---|
| G | Linda Dexter, Home Study (0138) |
| H | Case Notes for Pamela Bentley Miller in chronological order (0140) |
| I | Case Notes from the DSHS database re Pamela Bentley (0142) |
| J | E-mails and Case Notes related to Pamela Bentley (0127) |
| K | DSHS Individual Service and Safety Plans related to Pamela Bentley (0128) |
| L | DSHS Letters, Social Service Payment System and Word Documents related to Pamela Bentley (0129) |
| M | DSHS database printouts re Pamela Bentley (0130) |
| N | DSHS database printout re Tort public records requests RB, JG, Miller (0131) |
| O | Anthony Bentley, Child Protective Services file (0132) |
| P | Algia Bentley, Home Study (0134) |

3)    Any and all Court files relating to the plaintiffs including but not limited to:

a) The custody or care of the minors;

b) divorce or custody proceedings in family court; or

c) any claims of abuse or requests for restraint or protection.

PROTECTIVE ORDER            4

4)    Additional records maintained by DSHS which the Court may order
be produced:

| DOC. | DESCRIPTION | SHALL BE PRODUCED IN DISCOVERY. | | SHALL BE SUBJECT TO PROTECTIVE ORDER. | |
|---|---|---|---|---|---|
| | | YES | NO | YES | NO |
| Q | Charles Jones, Children's Administration Case File, Volumes 1-5, Case #0446193 (0118 to 0122) (Charles Jones was a friend and acquaintance of Anthony Bentley) | | X | | |
| R | Charles Jones, DSHS database printouts, Case #0446193 (0123) | | X | | |
| S | Mary Susan Thuillard, DSHS database info. (0133) (Pamela Bentley's mother) | | X | | |
| T | Amanda Ramsdell, Home Study (0135) (Foster Parent) | | X | | |
| U | Debra Prater, (Pamela Bentley's sister) (0136) | | X | | |
| V | Debra and Ronald Miller, Home Study (0137)(Dan Miller's parents) | | X | | |
| W | Julie Schoonover,– Foster Home Licensing File (0139) | | X | | |

DSHS shall redact social security numbers, contact information on foster parents, attorney-client privilege/work product documents, names of non-party minors, and identifying information on non-mandatory reporters of abuse.

1    IT IS HEREBY ORDERED That the contents and/or existence of the

2    aforementioned documents and files and any part thereof or therein shall not be

3    disclosed in any manner or form to any person and/or entities other than the

4    parties, parties' attorneys, experts retained by the parties' attorney(s), their staffs,

5    and individuals otherwise entitled to obtain said information pursuant to statutory

6    exemptions from confidentiality and other individuals as herein provided.

7    IT IS FURTHER ORDERED that the parties shall be allowed to use the

8    aforementioned documents or information in depositions of plaintiffs, defendants,

9    medical doctors, psychologists, nurses, counselors, health care providers, and

10   other persons named or identified in any of the aforementioned documents or in

11   consulting with any expert witnesses in this case, subject to the conditions set

12   forth in this Protective Order.

13   IT IS FURTHER ORDERED that the parties and counsel for the parties

14   shall use all documents and information produced or disclosed pursuant to this

15   Protective Order solely for the purpose of preparation for and trial of this action.

16   Under no circumstances shall information or materials covered by this Order be

17   disclosed to anyone other than as provided in this Order.  Any deposition or other

18   testimony may be designated as "Confidential" by any party indicating on the

19   record that the testimony is "Confidential" and subject to the provisions of this

20   Order. Alternatively, the attorneys for a party need not designate specific

21   testimony as "Confidential" during the course of the deposition but may request

22   that the entire contents of the deposition shall be designated "Confidential" and

PROTECTIVE ORDER                6

subject to the provisions of this Order.  All deposition testimony designated as "Confidential" by a party will be subject to this Protective Order.  If a party disputes the designation of "Confidential" at a deposition, the party shall have thirty (30) days from the receipt of a copy of the official transcript to move the court to lift the protective order from that designated deposition testimony.  The portions of the testimony so designated shall be subject to the provisions of this Order unless the court orders otherwise.

IT IS FURTHER ORDERED that the documents subject to this protective order will be filed with the court as confidential and for in camera review only in all court proceedings prior to trial.

IT IS FURTHER ORDERED that prior to introducing the documents and records subject to this protective order as evidence or otherwise disclosing to a jury at trial, a hearing shall be held outside the presence of the jury wherein the court will determine the admissibility and protection of the aforementioned information or documents that shall occur during trial.

IT IS FURTHER ORDERED that at the conclusion of the proceedings in this action, including any appeal, all documents and information subject to this order, including any copies or summaries thereof, or documents containing information taken therefrom, shall be returned to counsel for the party producing such documents or destroyed by the party having such documents.

IT IS FURTHER ORDERED that a copy of this Order shall accompany any copy of the discovery records or information protected by this Order that are

1    released to any parties' experts.   No attorney or expert shall disclose any

2    information gained or derived from the aforementioned records to anyone without

3    further order of the court unless the person to whom the information is disclosed

4    is otherwise entitled to obtain said information pursuant to this Protective Order or

5    to statutory exemptions from confidentiality.

6           IT IS FURTHER ORDERED that this Protective Order shall remain in full

7    force and effect until such time as this Court modifies its terms or releases the

8    parties from its provisions.

9           DATED this 9th day of July, 2013.

10

11                                         *s/Robert H. Whaley*
                                           ROBERT H. WHALEY
12                                         Senior United States District Judge

13

14

15

16

17

18

19

20

21

22

PROTECTIVE ORDER                8